Crew, J.
Tbe only question presented in this case necessary for our determination, is whether tbe circuit court by virtue of tbe proceeding in error instituted in that court by and on behalf of tbe state, thereby acquired jurisdiction to review tbe action of tbe court of common pleas, which latter court bad reversed tbe judgment of conviction theretofore rendered by tbe justice of tbe peace against tbe plaintiff in error herein, John B. Mick, and bad discharged tbe accused from custody. Tbe question thus presented would seem to us, in tbe light of tbe authorities generally, and tbe former decisions of this court in particular, to admit of but little argument. In tbe absence of a statutory rule to tbe contrary, it is undoubtedly tbe well settled, if not tbe universal American doctrine, supported by a consistent and uniform line of decisions, that in a criminal case, tbe state is without right or authority to appeal or prosecute error, from a judgment in favor of tbe accused. Error may be prosecuted by a defendant in a criminal case, but not against him, unless authority so to *391 do be expressly allowed or conferred by statute. In the case of the United States v. Sanges, 144 U. S., 310, Mr. Justice Cray, after an extended review of tbe decisions upon this question by the courts both of England and this country, says: “But whatever may have been, or may be, the law of England upon that question, it is settled by an overwhelming weight of American authority, that the state has no right to sue out a writ of error upon a judgment in favor of the defendant in a criminal case, except under and in accordance with express statutes, whether that judgment was rendered upon a verdict of acquittal or upon the determination by the court of a question of law. ” In this state the only authority or jurisdiction conferred upon the circuit court to review a judgment rendered or final order made in a criminal case, is that conferred by section 7356, Bevised Statutes, which section provides as follows: “In any criminal case, including a conviction for a violation of an ordinance of a municipal corporation, the judgment or final order of a court or officer inferior to the common pleas court may be reviewed in the common pleas court; a judgment or final order of any court or officer inferior to the circuit court may be reviewed in the circuit court; and a judgment or final order of the circuit court or the common pleas court in cases of conviction of a felony or a misdemeanor, and the judgment of the circuit court in any other case involving the constitutionality or construction of a statute, may be reviewed by the Supreme Court, but the Supreme Court shall not in any criminal cause or proceeding, except when its jurisdiction is original, be required to determine as to the weight of the evidence.” The right to prosecute error being a right that exists only when conferred by statute, *392 ■unless by force of the provisions of above section 7356, Revised Statutes, the right is expressly given to the circuit court, upon petition in error filed by the state, to review a judgment of the court of common pleas reversing a judgment of conviction rendered by a magistrate in a criminal case, then no such right of review by the circuit court exists. That this section confers upon the circuit court any such right, jurisdiction or authority, was expressly denied by this court in State v. Simmons, 49 Ohio St., 305. In that case the court had before it the question of whether the state, under favor of section 7356 could, in a criminal case, prosecute error and have reviewed in the circuit court a judgment rendered by the court of common pleas adverse to the state. In construing and interpreting this' section — 7356,—the court in that case says: “If the language of that section, ‘a judgment or final order of any court or officer inferior to the circuit court may be reviewed in the circuit court, ’ is to be taken without limitation, then, upon an acquittal of the defendant, the state might claim the right of review, in violation of the constitutional rule, that no person shall be twice put in jeopardy for the same offense. But no such interpretation can be given to that language; and when, in the clause immediately following, there is designated what decisions of the. circuit court, the Supreme Court may be called upon to review, the language 'is, ‘a judgment or final order of the circuit court or the common pleas court in cases of conviction of a felony or a misdemeanor,’ thus indicating a proceeding in behalf of the defendant, and not for the state that has secured the conviction.
“Upon an examination of the sections of the statute regulating proceedings in error in criminal cases *393 —sections 7356 to 7367, inclusive — it will be seen, that no provision bas been made for tbe filing of a petition in error by the state. Section 7358 provides that tbe proceedings to review a judgment in a criminal case shall be by a petition in error; and by section 7359, when sucb petition is filed in any court, a summons in error is to be issued, commanding notice to be given to the prosecuting attorney, and if issued from tbe Supreme Court, a copy thereof is to be forwarded to tbe attorney general; and by section 7362, provision is made for suspending tbe execution of sentence while proceedings in error are pending— thus manifesting that the statute contemplates a review of tbe judgment or final order, not in behalf of tbe state, but in behalf of tbe defendant. ” We are entirely satisfied that tbe interpretation thus given to section 7356, is 'the correct interpretation, and certainly it is in accord with tbe accepted practice thereunder in this state. ■ This statute being itself silent as to .who may invoke tbe jurisdiction or aid of tbe courts therein named, for tbe purpose of having a judgment or final order reviewed in a criminal case, if it be conceded, that tbe language employed in said section is sufficiently broad and comprehensive, if taken and considered without limitation, to confer this right equally upon the state and the defendant, yet it is perfectly obvious, we think, that this generality of meaning is so far restricted and qualified by subsequent provisions as by clear and necessary implication to limit sucb right to tbe defendant only. In Ohio, tbe only jurisdiction or authority conferred upon any court to review , or reverse a decision or judgment rendered in favor of tbe accused in a criminal case, is that conferred upon tbe Supreme Court by sections 7303 to 7308, Revised Statutes, *394 inclusive, and except as provided in section 7306®, —which section is without importance or application in the present case, — the procedure to obtain such review is not by petition or proceeding in error, but upon a bill of exceptions taken and presented to this court by the prosecuting attorney. Upon the hearing of such exceptions this court is without right to disturb or reverse the judgment or decision rendered in favor of the accused in the court below, it being expressly provided by section 7308 that: “The judgment of the court in the case in which the bill was taken shall not be reversed, nor in any manner affected; but the decision of the Supreme Court shall determine the law to govern in any similar case.”
We are of opinion, therefore, that in this case, the circuit court was without jurisdiction to review or reverse the judgment rendered in favor of the plaintiff in error by the court of common pleas, and the judgment entered by the circuit court will therefore be reversed.

Judgment of the circuit court reversed.

Davis, C. J., Shauck, Price, Summers and Spear, JJ., concur.